JRO:MJM:ljc:mjm 21266 \pleading\21266ReplyToPlaintiff's Opp

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BLANCA HERNANDEZ | : | |
| | : | |
| VS. | : | C.A. NO. 06-203S |
| | : | |
| STATE FARM INSURANCE COMPANY | : | |

# DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO PETITION FOR REMOVAL FROM STATE COURT

## I. FACTS

Now comes State Farm Insurance Company an Illinois Corporation, ("State Farm"), and submits this memorandum in support of the argument that jurisdiction is proper in the United States District Court for the District of Rhode Island. In brief, there is no other party against whom the plaintiff can recover in the underlying action except her own insurance company, State Farm.

On June 17, 2005, the plaintiff Blanca Hernandez, ("plaintiff"), was the owner of a vehicle insured by State Farm for both bodily injury and property damage.

The vehicle was parked and unoccupied when the plaintiff noticed and then reported it stolen to the Pawtucket Police Department. Upon information and belief, plaintiff only had the State Farm insurance coverage on the vehicle.

Plaintiff filed this action in Providence Superior Court alleging breach of contract and

bad faith pursuant to the insurance contract. Defendant petitioned the Federal District Court for removal to which the plaintiff objected. This memorandum is in reply to plaintiff's opposition.

## II. Legal Argument

The plaintiff mis-characterized the diversity provisions of 28 U.S.C. §1332(c) in her opposition memorandum. §1332(c) provides in relevant part:

> That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insurer did not join as a party defendant, such insurer shall be deemed a citizens of the state of which the insured is a citizen . . .

Plaintiff's reason that since the insurer is a "party-defendant" and the insured is not, then §1332(c) must apply to destroy diversity. However, the 1st Circuit addressed this issue as far back as 1966 and found that §1332(c) applies only in "direct action" lawsuits where the plaintiff is permitted by state statute to sue the insurer directly.[1] *White v. United States Fidelity and Guaranty Company*, 356 F.2d 746, (1st Cir.1966).

In *White*, the 1st Circuit found that §1332(c) does not destroy diversity when an insured sues an insurer based on the insurance contract itself, rather, only where the claim is based on the underlying tort liability of the tortfeasor. The Court's decision was based in large part on

---

[1] Rhode Island's direct action statute is contained in R.I.G.L. §27-7-2 *et seq.*

the explicit legislative history.[2] *Id.* at 747.

The distinction was made even more clear in *Logan v. Associated International Insurance*, 131 Fed. Supp.2d 986 (N.D. Ill. 2001), wherein the insureds sued their own insurer for coverage. In response to the plaintiff's argument based on §1332(c) that it was a "direct action," the court stated, ". . . unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Id.* at 988, quoting *Searles v. Cincinnati Insurance Company*, 988 Fed.2d 728, 729 (9th Cir. 1993). In denying the plaintiffs' argument, the court stated, "the [plaintiffs] *are* the insured; there is no one but the insurer on whom liability can be imposed." *Logan* at 988.

Likewise, in this case, the insured can hold no other party liable for her claim since she is suing under the insurance contract and not pursuant to any direct action statute. *Id.* at 747. *See also Velez v. Crown Life Insurance Company*, 599 Fed.2d 471 (1st Cir. 1979). Therefore, this case is properly before this Court based on diversity of citizenship.

## III. CONCLUSION

In conclusion, there is no person, party, or entity against whom plaintiff Blanca

---

[2] "The purpose of the proposed legislation is to amend §1332(c) of Title 28, United States Code, so as to eliminate under the diversity jurisdiction of the U.S. District Courts, suits uncertain tort claims in which both parties are local residents, but which, under a state's 'direct action' statute, may be brought directly against a foreign insurance carrier without joining a local tortfeasor as a defendant." S.Rep. No. 1308, 88 Cong., Second Session, 1, U.S. Cong. and Admin. News 1964, page 2778 (1964).

Hernandez can make claim or recovery but for her own insurance carrier, State Farm. Consequently, jurisdiction of this claim of bad faith is proper in the United States District Court.

DEFENDANT,
By its Attorneys,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

Melina J. Mannix, Esq. #7199
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 5/30/06 to:

Thomas Gulick, Esq.
Law Office of Edward A. Shapira
400 Reservoir Avenue
Providence, RI 02907